## CHARLES S. LORD, Appellant, v. ELIZABETH H. LORD, Respondent.

### No. 1485; April 3, 1868.

**Appeal—Order for New Trial.—Appellate Courts will Set Aside** an order for a new trial in those cases only where the order has been clearly erroneous.

**New Trial—Testimony Reported by Referee.—**An order for a new trial after findings based on testimony reported by a referee, where, therefore, the court has not seen the witnesses and heard them testify, is not to be deemed as granted through the court's exceeding the bounds of sound judicial discretion.

**Divorce—Cruelty—New Trial.—In a Suit for Divorce** where there has been imputed to the defendant extreme cruelty, in considering a motion for a new trial the court is justified in being influenced by the thought that through the findings from the testimony at the trial the defendant's character may suffer irreparable injury of a most painful kind.

**Divorce—Cruelty—What Constitutes.—**It would be difficult, if not impossible, to state in advance what facts, lying near the borders of legal cruelty, would fill the definition of the term.

APPEAL from Twelfth Judicial District, San Francisco County.

McRae & Rhodes for appellant; A. Williams for respondent.

27

SAWYER, C. J.—This is an action by the husband for a divorce. The ground relied on is extreme cruelty. The court, upon the testimony reported by the referee, found the facts for the plaintiff, and rendered a judgment accordingly. After a review of the evidence on a motion for new trial, based mainly on the ground that the evidence was insufficient to establish the charge of extreme cruelty, the court below granted a new trial. Plaintiff appeals from the order.

Appellate courts will only set aside an order granting a new trial, when it is very clearly erroneous. We cannot say that the order now under consideration is clearly erroneous. The case is a peculiar one. The material testimony was nearly all introduced on the part of the plaintiff, and it is not very clear that it establishes a case of extreme cruelty, as that term is used in the law; nor is it entirely clear that it does not. Had the testimony been taken before the judge of the district court, and had he, after reviewing the evidence, been satisfied with the finding and denied a new trial, we probably should not have disturbed the order. But the district judge was not satisfied with the finding. He had not the advantage of seeing the witnesses. Had the testimony been taken in his presence, he would, doubtless, have been able to arrive at a more satisfactory conclusion. In a case lying so near the borders, and one of so much delicacy and difficulty, and of so great importance, the court was, doubtless, of the opinion that the ends of justice demanded a further, and in some particulars more full, investigation of the facts. In granting a new trial, under the circumstances, we do not think the court below exceeded the bounds of a sound judicial discretion. The testimony is not entirely satisfactory, and should the former finding be allowed to stand, an irreparable injury of a most painful character might be inflicted on the defendant, while the plaintiff, if he really has a sufficient cause of action, will still have an opportunity to establish it on another trial. We do not deem it necessary, or proper, now, to enter into a discussion as to what facts constitute extreme cruelty. It would be difficult, if not impossible, to state in advance what facts lying near the borders of legal cruelty would fill the definition of the term. The question has been much considered, and a lucid synopsis of the discussions will be found in chapter 37 of

the last edition of Bishop on Marriage and Divorce. While it may not be easy to announce in advance what precise circumstances it will be necessary to show, to entitle the plaintiff to a judgment, when the facts of this particular case are once fully and satisfactorily ascertained, it will not be difficult, we apprehend, in the light of the numerous authorities upon the subject, for the learned judge of the district court, without further discussion by us, to correctly determine whether or not they constitute extreme cruelty, within the legal meaning of the term.

We think the order granting a new trial should be affirmed, and it is so ordered.

We concur: Rhodes, J.; Sanderson, J.; Sprague, J.; Crockett, J.